Filed 8/24/16  Walton v. County of Lake CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL JOHN WALTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF LAKE,<br><br>    Defendant and Respondent. | A144384<br><br>(Lake County<br>Super. Ct. No. CV411927) |

Plaintiff Michael Walton has been fighting tax liens and tax sales by Lake County for some years.[1]  In an earlier appeal, this court affirmed a judgment denying Walton's mandamus challenge to resolutions passed by the Lake County Board of Supervisors authorizing the sale of tax-defaulted properties, including properties then owned by Walton and subject to tax liens (appeal No. A126903).

In September 2012, Walton filed the instant action against the county and individual supervisors.  In his first cause of action for "fraud," Walton alleged the individual supervisors acted "illegally" by violating the bankruptcy laws and by ordering the county tax collector to post a "false" date of sale for the properties.  Walton maintained the supervisors caused the tax collector to post a "false" date of sale because the trial court incorrectly ruled against him in the mandamus action (a ruling Walton claimed was "corrupt" and reflected "bias in favor of the county") and this court wrongfully ignored pivotal evidence and "upheld the corrupt trial court ruling."  In his

---

[1]  This appeal is appropriately resolved by memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1(1), (3).

1

second cause of action for "negligence," Walton incorporated his prior allegations and claimed the supervisors had been "emboldened by the corrupt" court rulings and prevented the county auditor from cancelling the tax lines "until approximately one month" before the scheduled sale date.  He further alleged he had filed another lawsuit against the county that was pending and in which the trial judge had "corruptly" sustained a demurrer, apparently in asserted violation of the automatic stay provisions of the Bankruptcy Code.  In his third cause of action for "emotional distress," Walton again incorporated all prior allegations and claimed defendants' acts had caused him severe emotional distress.  In his claim for relief, Walton sought, among other things, "[s]pecial damages" for the dismissal of two other lawsuits against contractors for "trespass" onto two of the properties subject to tax liens that apparently had been sold.

After filing an answer denying virtually all of Walton's allegations, defendants filed a motion for judgment on the pleadings on collateral estoppel and jurisdictional grounds.  To the extent Walton was challenging the bankruptcy court's order lifting the automatic stay, that order was final and conclusive and barred Walton from challenging either its validity or the actions of defendants in reliance on it.  Further, only the bankruptcy court had jurisdiction to adjudicate claims of violation of the stay.  To the extent Walton was continuing to attack the underlying liens and resolution authorizing sale of the properties, the judgment in Walton's prior mandamus action was also final and conclusive and barred further challenges to the county's actions.

In support of their motion, defendants filed an extensive request for judicial notice, including the county's motion for relief from the automatic bankruptcy stay and the federal court's memorandum ruling and its order granting the motion.[2]  The court observed that the bankruptcy proceeding, Walton's eighth, was "like all the previous filings" "merely a delaying tactic" to avoid the tax lien sales.  In its memorandum, the

_____

[2]  In support of its request for relief from the automatic stay, the county stated it had a last round of tax lien sales scheduled for August 21, 2009 to August 27, 2009, and the last date the sales could take place under the applicable bond law was September 2, 2009.

bankruptcy court additionally ruled the "10-day stay waived," and its written order thus declared the stay terminated "forthwith."

In belated written opposition to the motion for judgment on the pleadings, Walton disputed he was trying to re-litigate prior claims and claimed the tax sales occurred on August 21, 2009, before the bankruptcy court filed its memorandum and order on August 27, 2009 granting relief from the automatic stay.

Defendants objected to the late-filed opposition and also argued it underscored Walton was alleging a violation of the automatic stay, a matter within the sole jurisdiction of the bankruptcy court.

Walton responded with a motion for order shortening time to file his opposition. The court denied the motion on the ground Walton had shown no justification for his untimeliness. Since the clerk had already filed the document, the court further ruled it would not consider it in ruling on defendants' motion for judgment on the pleadings.

Walton promptly filed a disqualification for cause notice, claiming the judge who had ruled against him on his motion for shortening time and was scheduled to rule on the motion for judgment on the pleadings (Judge Martin), as well as every other judge on the superior court, was biased against him. The disqualification notice was based on an amalgam of accusations, including that the county had "committed several frauds" on the bankruptcy court and the judge scheduled to hear the motion for judgment was "so biased in favor of his employer" he was refusing to report the "unethical" conduct of defense counsel. Walton also repeated his claims that his mandamus petition had been "corruptly" denied, and both this court and the Supreme Court had obviously not read that "corrupt" decision in purporting to review the matter.

Judge Martin filed a verified answer denying Walton's accusations. Thereafter, the appointed judge, Judge Fall, found no basis for disqualification, noting Walton's complaints were rooted in the fact Judge Martin and other judges had made rulings against him, insufficient to establish bias.

Judge Martin then heard defendants' motion for judgment on the pleadings and granted it on all grounds.

3

Walton's appeal continues to be grounded on accusations the "entire state court system" in California is "corrupt." He maintains the courts were biased against him in his prior mandamus proceeding, he produced evidence in that proceeding showing the county's tax liens were invalid, he thereafter filed for bankruptcy protection, the county sold his properties while the automatic bankruptcy stay was in effect, and to "avoid liability" the county "changed the sale dates after the sales."

Walton focuses on two "issues." The first largely concerns his claims related to the automatic bankruptcy stay. He maintains the stay was lifted upon the filing of the bankruptcy court's memorandum and order on August 27, 2009, but the properties were sold on August 21, 2009. He therefore asserts he is not improperly attempting to re-litigate the bankruptcy court's stay order, but is, instead, attempting to seek consequences for the defendants' alleged violation of that order.

However, defendants moved for judgment on the pleadings not only on collateral estoppel grounds, but also on the ground the bankruptcy court had exclusive jurisdiction to enforce its stay order. Defendants are correct on this jurisdictional point. (See *Hicks v. E.T. Legg & Associates* (2001) 89 Cal.App.4th 496, 513 [notice of sale did not violate automatic stay; in any case, bankruptcy court had exclusive jurisdiction over claims based on alleged violation of stay]; *Abdullah v. United States Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 [no wrongful foreclosure claim where foreclosure sale allegedly violated bankruptcy stay; "The existence of a federal remedy for violation of the stay must be read as an implicit rejection of state court remedies."].[3]) Accordingly, Walton can state no claim under state law, no matter how denominated, based on his accusations defendants allegedly sold his tax-liened properties in violation of the automatic bankruptcy stay.

Walton also wraps into his first issue assertions that he is not seeking to re-litigate the validity of the tax liens, which were at issue in the prior mandamus action. Instead,

---

[3] As defendants point out, a bankruptcy court can even retroactively lift an automatic stay to validate an action otherwise "void" or "voidable" for violation of the stay. (See *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 747.)

4

he claims he is challenging only the "sales" that occurred after the writ proceeding was concluded. However, to the extent Walton is not focused on the bankruptcy stay issue, his challenge to the tax sales is based on the alleged invalidity of the liens and the country's predicate actions required for the sales. It was this conduct, however, that was at issue in the prior action. Accordingly, Walton's challenges to the sales in this regard are, indeed, barred by collateral estoppel. (See *Kemper v. County of San Diego* (2015) 242 Cal.App.4th 1075, 1088–1089 [collateral estoppel, or issue preclusion, precludes relitigation of previously decided issues, even if the second suit raises different causes of action; issue preclusion applies " '(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party' "], quoting *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825]; *Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1269–1270 [issue preclusion applies even to allegedly erroneous prior judgments].)

Walton's second "issue" on appeal concerns the denial of his motion for an order shortening time to file late opposition to defendants' motion for judgment on the pleadings and the denial of his disqualification request. However, Walton makes no cogent argument and simply asserts, repeatedly, that the "entire state court system is corrupt." Absent any salient argument and supporting authorities, Walton has waived this issue. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant's failure to support contention with meaningful legal analysis and waives issue on appeal]; *San Mateo County Coastal Landowners' Assn. v. County of San Mateo* (1995) 38 Cal.App.4th 523, 559 [failure to support issue with argument and citation of authority waives issue on appeal].)

The judgment is AFFIRMED. Respondents to recover costs on appeal.

5

_____

Banke, J.

We concur:

_____

Margulies, Acting P. J.

_____

Dondero, J.

A144384, *Walton v. County of Lake*